[No. 811.  Decided February 6, 1893.]

BRANDON KIRBY, *Appellant*, v. EMMA N. COLLINS, *Respondent*.

APPEAL—SUFFICIENCY OF BOND—NEW BOND.

In attacking the sufficiency of an appeal bond, merely a *prima facie* showing on the part of the respondent will cast the burden of showing the responsibility of sureties upon the appellant.

Where a party is, in good faith, attempting to furnish a sufficient bond he should not be deprived of an appeal on account of failure,

if, when required so to do, he will furnish such a bond as will protect the respondent.

The determination of the superior court as to the amount of the bond required on appeal is *prima facie* conclusive.

*Appeal from Superior Court, Jefferson County.*

*George W. Tyler,* for appellant.

*Smith & Felger,* for respondent.

The opinion of the court was delivered by

HOYT, J.—In our opinion the affidavits on the part of the moving party *prima facie* establish the fact that the surety on the bond was not sufficient. It is true that the showing that such surety has not sufficient property is confined principally to the county of Jefferson, but there are some allegations which relate to his general want of property qualification. The fact as to whether or not a surety has property such as will warrant the court in finding that he is sufficiently responsible to be approved as such surety is peculiarly within his own knowledge, and for that reason the court should not require a very full showing on the part of one moving against a bond in order that it should be held to establish a *prima facie* case, and thus cast the burden of showing that he is responsible upon the surety.

The showing, then, by the moving party in this case was sufficient, and the only question remaining is as to whether or not the counter showing made by appellant overcomes the *prima facie* case thus made. We think it does not. Taking the facts alleged in his affidavit in connection with other facts shown by the record it appears therefrom that the only property he has is twelve shares of the capital stock of a certain corporation of the par value of one hundred dollars each, and a certain one hundred and sixty acres of land situated in the county of Jefferson. And it is not shown that the stock has any particular market value, nor is

it shown that the assets of the corporation over and above its liabilities are such as to make the capital stock of any real value. The only allegation in regard to the value of such stock is, that it is held by the stockholders for investment, and is not for sale, and that it could not be bought in the market at par. But in view of the fact that the affidavit on the part of the moving party attacked the value of this stock by showing that the assets of the corporation were only about two thousand dollars, while the par value of the stock was thirty thousand dollars, we think that it should have been met by some showing as to the net assets of the corporation, or that the stock had an established market value. As to the one hundred and sixty acres of land the *prima facie* showing by appellant in his affidavit would, perhaps, be sufficient to show that his interest therein was such that it made him a competent surety. But the force of the allegation of his affidavit, which was intended to meet that of the respondent charging that the title to this land was in question, is entirely overcome by a copy of the records of the superior court of Jefferson county showing that the judgment referred to in said affidavit of appellant was, on the day following its entry, set aside by the court. Hence it appears that the title and right to possession of said land is still in question substantially as set out in the affidavit of the respondent.

The object of the statute which requires a bond to be given in the course of judicial proceedings is, that the party in whose interest such bond is required shall be absolutely protected. And he has a right to require such a bond as shall be clearly sufficient to afford such protection. In case of a doubt as to whether or not any bond which is offered will afford such protection it is the duty of the court to require a different one. But while this is the rule on the one side, the rule on the other is, that a party should not be deprived of the right to an adjudication by the

courts on account of a failure to furnish a sufficient bond, so long as he in good faith is attempting so to do. In this case we are satisfied that the appellant has at all times been prosecuting his appeal in good faith, and endeavoring to furnish a good bond, and otherwise to comply with the statute and the orders of the court. We are, therefore, of the opinion that he should not be deprived of the benefits of his appeal, if, when required so to do, he is still willing to furnish such a bond as will protect the respondent.

Something has been said in regard to the amount of the bond required by the court below being greater than was necessary to protect the rights of the respondent, but as to this the determination of the superior court is at least *prima facie* conclusive. And nothing has been shown which would authorize us to interfere with its conclusion.

The respondent, then, is entitled to a further bond in the sum fixed by the order of the superior court, and to avoid the necessity of another proceeding in this court upon any further bond that may be offered by the appellant, such an approval thereof will be required as to make it improbable that there will be any necessity to move against it. The order will be that the bonds heretofore filed by the appellant be discharged, unless within twenty days from this date a further bond be filed with two or more sufficient sureties; such bond, and the sureties thereon, to be approved by the judge of the superior court of Jefferson county, after an examination of such sureties before said judge upon three days' notice to the respondent.

Dunbar, C. J., and Scott, Stiles and Anders, JJ., concur.